UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DAVID HUFFMAN,
     Plaintiff,

     vs.                             11-1177

LOIS LINDORFF, et.al.,
     Defendants.

MERIT REVIEW ORDER

     This cause is before the court for a merit review of the Plaintiff's claims.  The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The Plaintiff, a pro se prisoner, has filed this lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at both Menard Correctional Center and Hill Correctional Center.  The Plaintiff has named six Defendants including: Health Care Administrator Lois Lindorff, Wexford Health Care, Dr. Fernandez, Dr. Ronald Shaeffer, Dr. Amy Johns and Dr. Richard Shute.

     The Plaintiff  alleges that he has been denied medical care at both institutions from as far back as 1998.  However, there are several problems with the Plaintiff's complaint.  First, a lawsuit pursuant to §1983 is subject to the statute of limitations governing personal injury claims in the state where the alleged injury occurred.  *Wilson v Giesen,* 956 F.2d 738, 740 (7th Cir. 1992) *citing Wilson v Garcia,* 471 U.S. 161, 279 (1985). The applicable statute of limitations in Illinois is two years. *See Farrell v. McDonough,* 966 F.2d 279, 280-82 (7th Cir. 1992).  In addition, while state law determines the length of the statute of limitations period, federal law determines when a §1983 claim accrues.  *Hondo, Inc. v. Sterling,* 21 F.3d 775, 778 (7th Cir. 1994).  A plaintiff's claim accrues when the he or she knows or has reason to know of the injury which is the basis of the action. *Id.*  Based on the Plaintiff's complaint, it appears he was aware of his medical condition and that he was being denied medical care at the time he was denied treatment.  Therefore, the Plaintiff's complaint must be limited to incidents that occurred no more than two years before he filed his complaint on May 5, 2011.

     Second, the Plaintiff has not articulated a valid reason for bringing claims that occurred at Menard Correctional Center and Hill Correctional Center in the same lawsuit.   The medical care received at one institution by one set of Defendants does not appear to be related to the

1

medical care received at the second institution by a second set of Defendants. *George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)(unrelated claims against different defendants belong in different suits). In addition, venue for federal civil rights actions brought under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b). According to that statute, such actions may be brought only in (1) the judicial district where any defendant resides (if all defendants reside in the same State), (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. Therefore, any claims involving Hill Correctional Center and its employees are properly before this court. However, any claims concerning Menard Correctional Center and its employees should be filed in the United States District Court for the Southern District of Illinois.

The court will dismiss the Plaintiff's first complaint as a violation of the statute of limitations period and Rules 18 and 20 of the Federal Rules of Civil Procedure. It is possible the Plaintiff may be able to state a valid claim that some Defendants violated his Eighth Amendment rights. To prevail on such a claim, the Plaintiff would have to show both that he suffered from a serious medical condition, and that the Defendants were deliberately indifferent to that condition. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Inadequate medical treatment due to negligence or even gross negligence does not support an Eighth Amendment violation. *Shockley v Jones*, 823 F.3d 1068, 1072 (7th Cir. 1987). Inmates are not entitled to a specific type of treatment, or even the best care, only reasonable measures to prevent a substantial risk of serious harm. *Forbes v. Edgar*, 112 F.3d, 262, 267 (7th Cir. 1997).

The court will give the Plaintiff an opportunity to file an amended complaint in compliance with the standards set forth in this order. Unless he can demonstrate an exception to the statute of limitations period, his claims must be limited to the time period of May 5, 2009 to the present. In addition, his claims before this court should be limited to incidents and defendants at the Hill Correctional Center.

Finally, the court notes that the Plaintiff has filed a motion for appointment of counsel stating that he cannot afford counsel. [d/e 3] The Plaintiff has no constitutional or statutory right to appointment of counsel in this case. In considering the Plaintiff's motion, the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the Plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). The Plaintiff has not demonstrated any effort to find counsel on his own. The motion is denied. [d/e 3].

**IT IS THEREFORE ORDERED that:**

**1) The Plaintiff's original complaint is dismissed as violation of the statute of limitations period as well as Rules 18 and 20 of the Federal Rules of Civil Procedure. The Plaintiff's motion for appointment of counsel is denied. [d/e 3]**

**2) The court will allow the Plaintiff time to file an amended complaint in compliance with this court order. The amended complaint must stand complete on its own without reference to the first complaint in order to avoid confusion over intended claims and Defendants. The Plaintiff must file his proposed amended complaint on or before July 8, 2011. If the Plaintiff fails to file his amended complaint by this date, or fails to follow the court's instructions, his case may be dismissed.**

Entered this 16th Day of June, 2011.


**s/Joe Billy McDade**


_____
JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE